United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60209
Summary Calendar

———————————

REAAZ HAFIZ BACCHUS,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A44 268 181
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Reaaz Hafiz Bacchus, a native and citizen of Guyana,
petitions this court to review the decision of the Board of
Immigration Appeals (BIA) affirming the decision of the
Immigration Judge (IJ) denying his application for discretionary
cancellation of removal under 8 U.S.C. § 1229b(a).  The IJ
determined that Bacchus was ineligible for cancellation of
removal after Bacchus admitted in his application and at his
hearing to two possession-of-marijuana convictions that occurred
before he had been in the United States for seven years.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bacchus argues (1) that his due process rights were violated when his notice to appear was amended to charge convictions that he admitted in his application for cancellation of removal, (2) that smoking marijuana is not a crime of moral turpitude, and (3) that the evidence was insufficient to support an offer to prove the two non-charged convictions that he admitted where the only record produced was a rap sheet. Bacchus did not raise any of these issues before the BIA. Accordingly, we lack jurisdiction to consider them. See 8 U.S.C. § 1252(d)(1); Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004); Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004). Bacchus's petition for review is DISMISSED FOR LACK OF JURISDICTION.